Xu v. Sessions

BIA
Poczter, IJ
A206 280 465

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of August, two thousand eighteen.

PRESENT:
>  DENNIS JACOBS,
>  RAYMOND J. LOHIER, JR.,
>  CHRISTOPHER F. DRONEY,
>       *Circuit Judges.*

_____

DI XU,
>       *Petitioner,*

>  v.                                        17-584
>                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,

>       *Respondent.*

_____

FOR PETITIONER:          John W. Reinhardt, Huntington, NY.

FOR RESPONDENT:          Chad A. Readler, Principal Deputy Assistant Attorney General; Carl McIntyre, Assistant Director; Nancy E.

Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Di Xu, a native and citizen of the People's Republic of China, seeks review of a February 2, 2017, decision of the BIA affirming a November 9, 2015, decision of an Immigration Judge ("IJ") denying Xu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Di Xu,* No. A206 280 465 (B.I.A. Feb. 2, 2017), *aff'g* No. A206 280 465 (Immig. Ct. N.Y. City Nov. 9, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the circumstances," and may base a credibility finding on inconsistencies in the applicant's or her witnesses' statements.  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67.  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.  The adverse credibility determination is supported by substantial evidence.

First, the agency reasonably relied on the inconsistency between Xu's testimony and application about the Chinese government's awareness of her U.S. Falun Gong activities.  *Id.* at 163-64.  When asked why she was afraid to return to China, Xu testified that it was possible that the Chinese government had discovered her activities because she participated in public protests and worked at a pro-Falun Gong television station; however, Xu stated in her application that the police visited her mother in China after

3

discovering Xu's Falun Gong activities in the United States. The agency was entitled to reject Xu's explanation—that the local police were aware of her U.S. activities but she was unsure whether Chinese officials also knew—because it did not resolve why she had not cited the awareness of the police in her testimony about why she was afraid to return. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for h[er] inconsistent statements to secure relief; [s]he must demonstrate that a reasonable fact-finder would be *compelled* to credit h[er] testimony." (internal quotation marks omitted)). This inconsistency is significant because Xu largely based her claim on her activities in the United States. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir. 2008)("[I]n order to establish eligibility for relief based exclusively on activities undertaken after . . . arrival in the United States, an alien must make some showing that authorities in h[er] country of nationality are (1) aware of h[er] activities or (2) likely to become aware of h[er] activities.").

Second, the agency reasonably relied on the omission of the police's visit from Xu's mother's letter. *Xiu Xia Lin*,

4

534 F.3d at 167 (affirming adverse credibility determination based, in part, on omissions from corroborating letters). Although Xu's mother mentioned Xu's work at the television station, she did not mention that the police had visited her home and threatened Xu because of these activities. Xu had no explanation for the omission and her mother's letter was otherwise detailed. *See Majidi*, 430 F.3d at 80; *Hong Fei Gao v. Sessions*, 891 F.3d 67, 82 (2d Cir. 2018) (finding that agency did not err in relying on omission from applicant's mother's letter of applicant's beating by police because the letter "discusse[d] other post-arrest events").

Third, the agency did not err in finding Xu's corroborating evidence insufficient to rehabilitate her credibility. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Xu does not specifically challenge the finding that her witnesses lacked firsthand knowledge of her experiences in China or current conditions. Nor does she challenge the IJ's decision to give limited weight to her

mother's letter, which was reasonable as the letter was unsworn, from an interested witness, and omitted material information. Contrary to Xu's position, the IJ reasonably discounted photographs of Xu's practice of Falun Gong because Xu did not provide any foundation for them. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (observing that the weight accorded to an applicant's "evidence lie[s] largely within the discretion of the IJ." (internal quotation marks omitted)).

Given the inconsistency and omission, which relate to the main basis for Xu's fear of future persecution, as well as the lack of reliable corroboration, the "totality of the circumstances" supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 166-67 ("Where the IJ's adverse credibility finding is based on specific examples . . . of inconsistent statements or contradictory evidence, a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find otherwise." (internal quotation marks omitted)); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("So a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the

6

alien's uncorroborated or unauthenticated evidence."). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Xu's remaining arguments fail. She did not exhaust any claim of bias and the record does not support the claim. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) (discussing issue exhaustion). Further, as the BIA found, Xu asserted a fear of harm based on her own activities, not that she would be targeted on account of her family's practice of Falung Gong. And she cannot establish her own past persecution based on mistreatment of others. *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) ("[A]n applicant must rely upon harm the applicant has suffered individually.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

7

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court